IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MR. PEANUT'S PET
PRODUCTS, LLC, a Nevada
Limited liability company

Petitioners,                                             CASE NO.

v.

APOLLO INVESTMENT HOLDING
CO., LLC, a Wisconsin limited
Liability company (d/b/a USApollo)

Respondent.
_____/

## ACTION FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

This action is brought by MR. PEANUT'S PET PRODUCTS,  LLC, a Nevada limited

liability company, Petitioner against APOLLO INVESTMENT HOLDING CO., LLC,

Respondent, under 28 U.S.C Section 2201, which allows federal courts to determine legal rights

without waiting for a full and comprehensive lawsuit.

## JURISDICTION AND VENUE

Petitioner is a limited liability company in good standing and fulfills customer orders for

its pet products through the Amazon fulfillment warehouse located in OpaLocka, Miami-Dade

County, Florida. Respondent is a limited liability company in good standing, which has filed an

infringement complaint against Petitioner with Amazon, which has resulted in Petitioner's

product being delisted for sale on the Amazon website. This Court has proper venue and

jurisdiction over this matter pursuant to 28 U.S.C. 2201 which governs Actions for Declaratory

Judgment for Non-Infringement.

## FACTS OF THE CASE

### I.      History of Mr. Peanut's Pooper Scooper

Mr. Peanut's Pet Products, LLC has been conducting domestic and international business via the Amazon website platform for over ten years. It sells a wide variety of pet products to consumers including pet leashes and restraints, clothing, pet toys and pet "pooper scoopers" which serve to clean up pet debris from the ground, grass and sidewalks. The Mr. Peanut Pooper Scooper has been a high volume seller through the Amazon platform for some time now, and has received thousands of positive reviews. However, the listing for the product was removed a number of months ago due to a patent infringement complaint lodged by Respondent, which falsely alleged that the product infringed on a patent held by rights owner ZOMISIA (Patent : US 9,163,370 B2-Foldable Pickup Device). Based on Complaint ID: 19461698401, Amazon took the action of delisting the product from its website platform, and Petitioner was no longer able to offer the product to consumers in the US and worldwide.

### II.     Actions Taken by Petitioner

Upon receiving notice that the product had been delisted, Petitioner submitted a "non-Infringement explanation" to Amazon which detailed that the product uses an entirely different mechanism than those which the patent claims. See Patent Non-Infringement Explanation -US 9,163,370 B2; attached hereto as Exhibit "A". Amazon summarily rejected the appeal by Petitioner and responded that only: a) a court order; or b) a rights-owner withdrawal of its complaint, would result in the product being relisted on the website.

After receiving the denial of its appeal, Petitioner attempted to contact the "rights owner" directly asking that the complaint be withdrawn but received no response. Petitioner then

engaged the services of this law firm to attempt to contact Respondent but once again no response has been received. As a result of the delisting of this product, Petitioner has suffered significant monetary damages and continues to do so.

III.      **Mr. Peanut's Pooper Scooper Mechanical Design**

The Mr. Peanut's Pooper Scooper uses:

1. Spring-loaded clamp jaws

2. Dual Coil Springs

3. External Linkage Arms

4. A Hinge Folding Handle

5. Simple Hinge Locking Mechanism

It should be noted that this mechanism represents a very common pooper scooper design that has widely existed in the U.S. market for many years.

III.      **Details of the Patent Being Asserted by Respondent**

The patent   being asserted by Respondent (US Patent 9,163,370 B2-Foldable Pickup Device) claims a very specific mechanism, which involves:

1. An upper operating stick

2. A lower operating stick

3. A linkage portion

4. A sliding sleeve covering the linkage

5. A locking button/hole alignment

6. Linkage portion with sliding sleeve lock

Of note, Petitioner's product employs an external hinge folding handle which is very different and distinct from Respondent's methodology.

**<u>ARGUMENT IN FAVOR OF FINDING OF NON-INFRINGEMENT</u>**

It is well accepted law that a finding of patent infringement requires that all elements of a that the protection claim be present. In the present case, several key claim elements appear to be absent from the Mr. Peanut's Pooper Scooper design, including:

1. The sliding sleeve linkage mechanism;

2. The internal operating stick structure;

3. the rotating shaft pickup plate system.

As a result of these elements being entirely missing from Petitioner's product, the product may not practice the claimed invention.

There are several key mechanical differences in the two designs which warrant a finding of non-infringement:

a. the patent describes "spoon shaped pickup plates connected by a rotating shaft"

b. Petitioner's product uses "clamp style jaws", "hinge pivot" and "spring tension"

c. The patent folding mechanism describes a "linkage portion with a sliding sleeve lock"

d. Petitioner's product utilizes an "external hinge folding handle" as its folding mechanism

Petitioner's product listing on the Amazon platform has a long and successful sales history and a strong sales ranking, which makes it imperative that the protection of its original listing be obtained in order to retain its accumulated reviews and ranking.

Respondent has utterly failed to make out a prima facie case of infringement of its patent for a "Foldable Pickup Device" as numerous claims are missing from Petitioner's product and its

employs an entirely different and distinct method of scooping up pet debris. The Mr. Peanut's

Pooper Scooper operates on a completely different mechanical platform than that of Respondent.

WHEREFORE, Petitioner respectfully asks that this Court enter an Order of Declaratory

Judgment of Non-Infringement under 28 U.S.C. Section 2201, such to allow for the relisting of

Petitioner's product on the Amazon website platform, and for any and all other relief as this

Court may see appropriate, including lost profits and/or attorney's fees associated with this

action.

Respectfully submitted,

LAWRENCE A. CAPLAN, P.A.
1375 Gateway Blvd.
Boynton Beach, FL 33426
Telephone: 561.245.0763
E-Mail: lacaplanlaw@bellsouth.net

By:ss/*lawrencecaplan/s*
Florida Bar No. 400531

Subject: Patent Non-Infringement Explanation – US 9,163,370 B2

Dear Amazon Intellectual Property Team,

We respectfully dispute the allegation that our product infringes U.S. Patent No. 9,163,370 B2 titled "Foldable Pickup Device."

After reviewing the claims of the patent and comparing them to the design and mechanical operation of our product, we have determined that our product does not practice the elements required by the patent claims.

The independent claims of US 9,163,370 B2 require a specific internal linkage mechanism that includes:

• an upper operating stick movable relative to the handle
• a lower operating stick connected through a linkage portion
• a rotating shaft connecting spoon-shaped pickup plates
• a sliding sleeve that covers the linkage portion
• a locking button and hole mechanism used to maintain the upper and lower sticks in alignment

Our product uses a completely different mechanical structure.

Specifically:

1. Our product does not contain the sliding sleeve mechanism required by the claims of US 9,163,370 B2.
2. Our product does not utilize the upper-stick / lower-stick internal linkage system described in the patent.
3. Our product does not contain a rotating shaft connecting spoon-shaped pickup plates as described in the patent specification.
4. The pickup jaws of our product operate through a spring-loaded clamp mechanism with external linkage arms rather than the internal operating-stick system claimed in the patent.
5. Our folding mechanism consists of a simple external hinge and latch system, which is structurally different from the folding linkage and sleeve system described in the patent.

Because the required claim elements are not present in our product, it does not practice the patented invention and therefore does not infringe U.S. Patent No. 9,163,370 B2.

We respectfully request that Amazon review this comparison and reinstate our listing.

Please let us know if any additional information or product documentation is required.

Sincerely, Michael Strianese
Mr. Peanut's Premium Products